**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| URIYAH REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-668 RLW |
| | ) |
| RAMESHLAL RAWLANI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Uriyah Reed's application to proceed in the district court without prepayment of fees and costs. Based on the financial information provided in the application, the Court will grant the application. Additionally, for the following reasons, the Court will dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## The Complaint

Plaintiff is a civil detainee housed at the Metropolitan St. Louis Psychiatric Center in St. Louis, Missouri. He brings this action pursuant to 42 U.S.C. § 1983 alleging that employees of the Psychiatric Center violated his Eighth Amendment rights by prescribing him Invega Sustenna without warning him of the potential side effects. He names as defendants Rameshlal Rawlani, (Doctor), Krystal Starks (Nurse), Jo Newharth (Counselor), and Abby Wiggans (Clinical Social Worker). He sues all defendants in both their individual and official capacities.

Plaintiff states that on March 15, 2023, Dr. Rawlani prescribed him Invega Sustenna. Invega Sustenna is an antipsychotic drug administered monthly to treat mood disorders such as schizophrenia and schizoaffective disorder.[1] He states that defendants Jo Newharth and Abby Wiggans explained to him the dosage of Invega Sustenna that Dr. Rawlani had prescribed. Plaintiff had taken the antipsychotic medication Risperidone the day before. Plaintiff alleges Newharth and Wiggans did not inform him of any side effects of the medication. Nor did Dr. Rawlani or defendant Starks mention side effects.

After taking the medication, plaintiff states that he was unable to sleep and unable to dream. He does not say how long he suffered from this condition. When plaintiff told Dr. Rawlani that the medication caused him to be unable to sleep and to be "locked out of [his] dreams," Dr. Rawlani told him that those were not supposed to be the side effects.

---

[1] *See* https://www.invegasustennahcp.com (last visited Aug. 21, 2023).

In addition to not warning him of potential side effects, plaintiff claims both Dr. Rawlani and Stark ridiculed him and interrupted him from his eventual sleep. Plaintiff states Dr. Rawlani "made fun of my condition" by "going in my roommate Charles Schrader's room and asking, 'Wide Awake?' really loud at a time that he knows that I was asleep." Likewise, he alleges Stark "made fun of me wanting to be part of a sleep study." He said she would go into the room of a nearby patient to study competency flashcards and "always held the talking pattern long enough to wake me from my sleep."

For relief, plaintiff seeks damages of $6 million, which he calculates as an inflation-adjusted amount that will last his lifetime based on average wages.

## Discussion

At all relevant times, plaintiff was a civil detainee in governmental custody. So his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Senty-Hougen v. Goodno,* 462 F.3d 876, 889 (8th Cir. 2006). Under the Fourteenth Amendment's due process clause, the protections of the Eighth Amendment are fully applicable to non-prisoners held in governmental custody, including civil detainees. *Id*. Accordingly, a civil detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) ("[a]lthough an involuntarily committed patient of a state hospital is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner"); *see also Youngberg v. Romeo*, 457 U.S. 307, 324-25 (1982) (recognizing states have a constitutional duty to provide medical care to civilly committed detainees).

To violate the Eighth Amendment's proscription against cruel and unusual punishment, plaintiff must show that (1) he suffered from an objectively serious medical need, and (2) defendant

knew of but deliberately disregarded that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). A serious medical condition is one that has been diagnosed by a physician as needing treatment or is so obvious that even a lay person would perceive the need for a doctor's attention. *Id.* For purposes of initial review, the Court will assume plaintiff's inability to sleep meets the criteria for an objectively serious medical need.

Plaintiff does not allege that loss of sleep is a known side effect of taking Invega Sustenna. Notably, he states that Dr. Rawlani told him loss of sleep was "not supposed to be a side effect." Assuming loss of sleep is a known side effect of the drug, however, plaintiff does not allege that any defendant actually knew of this potential side effect. This is fatal to plaintiff's claim. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) ("deliberate indifference measured by official's knowledge at the time in question). Defendants could not have exercised deliberate indifference by failing to inform plaintiff of the risk of loss of sleep if they did not know of this risk. *See Phillips v. Wexford Health Sources, Inc.*, 522 F. App'x 364, 366 (7th Cir. 2013) (affirming dismissal of prisoner's action where prisoner did not allege risks of developing side effects from medication were substantial, "let alone that the defendants knew them to be significant").

Even if the Court were to assume that loss of sleep is a known risk of Invega Sustenna and further assume the defendants knew of that risk, the defendants' failure to inform Reed of this side effect is insufficient to state an Eighth Amendment claim for deliberate indifference. The Eighth Circuit has found such a claim not cognizable under § 1983. *See Love v. Oglesby*, 2 F. App'x 678, 679-80 (8th Cir. 2001) (per curiam). In *Love v. Oglesby*, an Arkansas state inmate alleged his doctor was liable for Eighth Amendment violations when he failed to warn the inmate of the risk of eye damage from Prolixin, an anti-psychotic drug the doctor had prescribed. The district court granted judgment on the pleadings to the doctor. Reviewing the dismissal of plaintiff's claims *de*

*novo*, the Eighth Circuit agreed with the district court, concluding "that Dr. Oglesby's alleged failure to warn Love of potential eye damage from Prolixin essentially involved questioning the doctor's professional judgment and thus is not cognizable under section 1983." *Id*.

Other circuits agree with the Eighth Circuit that failure to warn of potential side effects of a medication does not constitute deliberate indifference. *See, e.g.*, *Bryant v. Kaskie*, 744 F. App'x 39, 42 (3d Cir. 2018) (per curiam) (agreeing with district court that doctor's failure to inform prisoner of gynecomastia as side effect of risperidone insufficient to demonstrate deliberate indifference); *Jetter v. Beard*, 130 F. App'x 523, 526 (3d Cir. 2005) (per curiam) (finding failure to inform plaintiff of side effects of Prednisone "amounts to nothing more than negligence" and was insufficient to state Eighth Amendment claim); *see also Howard v. Unknown Named CEO, et al.*, No. 4:19-cv-2241-JMB, 2020 WL 1139191, *2 (E.D. Mo. Mar. 9, 2020) (dismissing on initial review where plaintiff alleged doctor did not inform him of risk of developing gynecomastia as a result of Risperdal); *Williams v. Kelly*, No. 1:15-CV-8135 (N.D. Ill. Apr. 23, 2018) (granting summary judgment to prison doctor on plaintiff's claims that doctor was deliberately indifferent by failing to warn him that gynecomastia was a possible side effect of Risperdal), *aff'd*, 777 F. App'x 162 (7th Cir. 2019); *McAleese v. Owens*, 770 F. Supp. 255, 259-63 (M.D. Pa. 1991) (granting summary judgment to prison doctor on § 1983 claims that plaintiff was prescribed Isoniazid and developed vision problems as a side effect). Therefore, assuming defendants knew of the risk that plaintiff might lose sleep if he took Invega Sustenna and failed to inform him of the risk, this is not enough to state an Eighth Amendment claim for deliberate indifference to a serious medical need.

For these reasons, on initial review, the Court will dismiss plaintiff's § 1983 claims against the defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED** and the filing fee is waived. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

An Order of Dismissal will accompany this Memorandum and Order.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of August, 2023.